IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

AFSCME COUNCIL 18, ON BEHALF
OF TIMOTHY JARAMILLO,

    Appellant,

vs.	Civ. No. 11-725 JP/RHS

THE CITY OF ALBUQUERQUE and
THE CITY OF ALBUQUERQUE PERSONNEL BOARD,

    Appellees.

MEMORANDUM OPINION AND ORDER

Appellee The City of Albuquerque (City) argues that it and Appellee The City of Albuquerque Personnel Board (Board) are entitled to summary judgment on Appellant's appeal from the Board's decision to uphold Timothy Jaramillo's termination from City employment. *See* MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) (Motion for Summary Judgment), filed Sept. 13, 2011. The City claims that summary judgment is appropriate because Appellant untimely filed its NOTICE OF APPEAL, Ex. A (Doc. No. 1-1), in state court. Having reviewed the briefs and relevant law, the Court concludes that the City is correct and that summary judgment should be granted in favor of the City as well as the Board.

*A. Background*

The basis of this case is the City's termination of Jaramillo from employment under the City's substance abuse policy. Appellant, on behalf of Jaramillo, appealed the termination to the Board which referred the appeal to a Personnel Hearing Officer (Hearing Officer) to conduct an evidentiary hearing. The Hearing Officer conducted an evidentiary hearing on December 7,

2010.  On February 11, 2011, the Hearing Officer recommended that the Board remand the matter for an assessment of the appropriate level of discipline under the City's substance abuse policy.

At the Board's March 9, 2011 meeting, the Board heard from the City's attorney, Paula Forney, and from Rocky Gutierrez, Jaramillo's American Federation of State, County, and Municipal Employees (AFSCME) Council 18 union representative, on the Hearing Officer's recommendation.  Jaramillo was also present at the Board meeting. The Board determined at the meeting to uphold Jaramillo's termination and ordered Ms. Forney to draft an order which would reject the Hearing Officer's recommendation and uphold Jaramillo's termination.  The Board also ordered Ms. Forney to include in the order that the City's substance abuse policy is flawed.

Some time after the March 9, 2011 Board meeting, Ms. Forney drafted the requested order and emailed it to Mr. Gutierrez on March 16, 2011.  In the email to Mr. Gutierrez, Ms. Forney indicated that if the order was "o.k." she would insert Mr. Gutierrez's electronic signature approving the order as to form.  Ex. B-1 (Doc. No. 12-1).  Later that same day, Mr. Guiterrez responded that the order was "fine."  *Id*.

At the Board's April 13, 2011 meeting, the Board considered Ms. Forney's proposed order.  Ms. Forney and Mr. Gutierrez were both present at the meeting.  During the course of the Board meeting, the Board approved Ms. Forney's proposed order upholding the termination and the Board signed the order with a handwritten modification to paragraph 6 of the order. Paragraph 6 originally stated: "The Personnel Board's [sic] requests that the City report at the Board's May meeting on the status of this recommendation."  Ex. A-1 (Doc. No. 12-1) at 2.  The Board clarified paragraph 6 by editing it to read as follows: "The Personnel Board requests that the City report at the Board's May meeting on the status of the recommended change to City

2

policy." *Id*. The order was dated April 13, 2011 and included Mr. Gutierrez's electronic signature approving the order as to its form. This electronic signature was presumably included in Ms. Forney's proposed order before the Board edited the proposed order to include the handwritten modification to paragraph 6. Mr. Gutierrez did not receive a copy of the signed order until he requested it from the Board on May 23, 2011. Once the Appellant received the copy of the signed order on May 23, 2011, it immediately filed, that same day, a NOTICE OF APPEAL in the Second Judicial District Court, County of Bernalillo, State of New Mexico.

On May 27, 2011, the City filed a motion to dismiss the appeal asserting that the Appellant failed to meet the requirement under Rule 1-074(E) NMRA 1998 that "an appeal from an agency shall be filed in the district court within thirty (30) days after the date of the final decision or order of the agency." The City maintained that more than 30 days expired from the date of the Board's April 13, 2011 order until the Appellant filed the May 23, 2011 NOTICE OF APPEAL. Appellant, however, argued that the late filing resulted from the Board's failure to serve the order in a timely fashion.

On August 4, 2011, Appellant filed APPELLANT'S STATEMENT OF APPELLATE ISSUES. Ex. C (Doc. No. 1-3). Because APPELLANT'S STATEMENT OF APPELLATE ISSUES introduced a Fourteenth Amendment due process claim, the City and the Board removed the case on August 16, 2011 to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1441(b) and § 1446(b). Also, on August 16, 2011, the Appellant filed in state court APPELLANT'S AMENDED STATEMENT OF APPELLATE ISSUES; this filing did not affect the jurisdictional basis for the removal to federal court. Also subsequent to the removal, the state judge entered a MEMORANDUM OPINION AND ORDER on August 19, 2011 denying the City's motion to dismiss. The parties completely briefed the appellate

issues by September 12, 2011, and, on the next day, September 13, 2011, the City filed its present Motion for Summary Judgment in which the City reasserts its timeliness objection to the NOTICE OF APPEAL.

As a preliminary matter, the City contends that the state judge lacked jurisdiction to enter the post-removal decision denying the City's motion to dismiss and that the Court should, therefore, not consider that decision in determining the Motion for Summary Judgment. *See* 28 U.S.C. § 1446(d) (the filing of a copy of a notice of removal with the clerk of the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). Although the Appellant does not dispute that the state judge lacked jurisdiction to enter the decision denying the City's motion to dismiss, the Appellant maintains that the decision "should be accorded deference as it represents the state court's interpretation of the law on this issue." APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR SUMMARY JUDGMENT (Doc. No. 13) at 2 n.1, filed Sept. 26, 2011. In deciding the question of whether the NOTICE OF APPEAL was timely filed, the Court is in the same position as the state judge, i.e., the state judge does not have any particular advantage in deciding the timeliness question. Hence, the Court will conduct its own independent analysis of the question.

*B. Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics*

---

[1] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

*Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

*C.  Discussion*

The City argues that Rule 1-074(E) clearly required Appellant to file its NOTICE OF APPEAL 30 days from April 13, 2011, the date of the Board's final order.   The City further argues that this conclusion is supported by City Merit System Ordinance § 3-1-25(F) (Ord. 29-1998) which states that an employee may appeal a Board decision to state district court "within 30 days after the date of the decision by following the Rules of Civil Procedure for the Districts Courts."[2]  The Appellant contends, on the other hand, that the Board's failure to file and serve its order on Appellant until May 23, 2011 was an unusual circumstance which excused Appellant's late filing of the NOTICE OF APPEAL under Rule 1-074(E).  Appellant asserts that NMSA 1978, § 39-3-1.1(B)(2) and (3) (1999) required the Board to serve and file its final order. Appellant also notes that § 39-3-1.1(C) provides that "a person aggrieved by a final decision

---

[2] It is well-established that the City is a home rule municipality and that the City was authorized under its home rule power to "enact[] a merit system ordinance that governs the hiring, promotion, discharge, and general regulation of City employees." *Smyers v. City of Albuquerque*, 2006-NMCA-095 ¶7, 140 N.M. 198.

may appeal the decision to district court by filing in district court a notice of appeal within thirty days of the date of filing of the final decision."

The New Mexico Supreme Court has held that a court can, in its discretion, consider an untimely notice of appeal if "'unusual circumstances beyond the control of the parties'" prevented a timely filing. *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dept.*, 2010-NMSC-034 ¶18, 148 N.M. 692 (quoting *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994)). Unusual circumstances can include judicial error which has "somehow misled the parties" and can also include a "deviation from mandatory requirements [that] is truly minimal." *Gutierrez v. Children, Youth and Families Dept.*, 2009 WL 6560261 *2 (N.M. Ct. App.) (unpublished decision). The New Mexico Supreme Court has further explained that as a matter of public policy "notices of appeal, even where technically defective, should be liberally construed to allow consideration of the case on the merits." *Schultz ex rel. Schultz*, 2010-NMSC-034 ¶19. "Thus, the decision to dismiss an appeal is extreme and must be determined on a case-by-case basis." *Id.* Even so, "New Mexico courts have been particularly strict in enforcing time limitations for appeals from administrative agencies to courts." *El Dorado Utilities, Inc. v. Galisteo Domestic Water Users Ass'n*, 120 N.M. 165, 167, 899 P.2d 608, 610 (Ct. App. 1995).

The City argues that there were no unusual circumstances beyond Appellant's control to justify a late filing of the NOTICE OF APPEAL. It is undisputed that 1) Mr. Gutierrez was at the April 13, 2011 Board meeting when the Board signed the order and so Mr. Gutierrez had knowledge of the order on April 13, 2011; 2) prior to the April 13, 2011 Board meeting, Mr. Gutierrez knew what the substance of the order would be because he had approved the form of the order which included the Board's decision to uphold Jaramillo's termination; and 3) no

circumstances beyond Mr. Gutierrez's control prevented Mr. Gutierrez from requesting a copy of the Board's order within 30 days of the date of the order, April 13, 2011.  Moreover, the fact that Appellant filed the NOTICE OF APPEAL ten days late is arguably not a minimal or marginal deviation from the 30 day filing requirement under Rule 1-074(E).

     Appellant, however, maintains that judicial error, i.e., the Board's failure to file or serve the Board's order until May 23, 2011, prevented him from filing the NOTICE OF APPEAL in a timely manner.  Having reviewed City Merit System Ordinance § 3-1-25, the Court finds that § 3-1-25 does not require the Board to file or serve a final decision.  City Merit System Ordinance § 3-1-25(D) merely states that "[t]he Board shall <u>render a decision</u> that shall include findings of fact and conclusions of law consistent with the evidence."   Emphasis added.  City Merit System Ordinance § 3-1-25(F), likewise, does not refer to a filing or service date to begin the 30 day period for filing a notice of appeal.  City Merit System Ordinance § 3-1-25(F) states that the 30 day period begins "after the <u>date of the decision</u>," emphasis added, which in this case was April 13, 2011.  Furthermore, Rule 1-074(E) does not state that the 30 day period begins after an agency files or serves a final decision.  Rule 1-074(E), like City Merit System Ordinance § 3-1-25(F), refers to "the <u>date of the final decision</u> or order of the agency," emphasis added, to begin the 30 day period.  Consequently, the Board did not commit judicial error under either the City Merit System Ordinance § 3-1-25 or Rule 1-074(E) when it failed to serve or file its final order on Appellant until Mr. Gutierrez asked for a copy of that order on May 23, 2011.

Despite the unambiguous language of City Merit System Ordinance § 3-1-25[3] and Rule 1-074(E), Appellant argues that § 39-3-1.1(B)(2) and (3) required the Board to file and serve its final order, which the Board did not do until May 23, 2011.  Appellant then observes that under § 39-3-1.1(C) the 30 day period to file a notice of appeal beings with "the <u>date of filing</u> of the final decision," emphasis added, which, according to Appellant, occurred on May 23, 2011, the date Mr. Gutierrez received the Board's order.  Appellant's application of § 39-3-1.1 to the Board, however, is erroneous.  Section 39-3-1.1(A) states that "[t]he provisions of this section shall apply only to judicial review of agency final decisions that are placed under the authority of this section by specific statutory reference."[4]  City Merit System Ordinance § 3-1-25, which governs the process of appealing Board decisions, specifically states in City Merit System Ordinance § 3-1-25(F) that an employee may appeal a Board's decision to the state district court "by following the <u>Rules of Civil Procedure </u>for the District Courts," emphasis added.  The City Merit System Ordinance does not place the Board's final decisions under the statutory authority of § 39-3-1.1.  Finally, there is simply no "specific statutory reference" which places the Board's final orders under the authority of § 39-3-1.1.  Because § 39-3-1.1 does not apply to the Board, the Board did not commit judicial error under § 39-3-1.1 when it failed to file and serve the order on Appellant until Mr. Gutierrez requested a copy of the order on May 23, 2011.  Because Appellant has failed to provide either facts or convincing legal argument to support a

---

[3]In interpreting ordinances, the New Mexico courts follow the usual rules of statutory interpretation.  *Smyers*, 2006-NMCA-095 ¶ 7.  For example, when an ordinance's language is plain and unambiguous, the courts give the ordinance a "literal reading, unless that reading would lead to an injustice, absurdity, or contradiction."  *Id*.

[4]The definition of "agency" under § 39-3-1.1(H)(1) also provides that an agency is any "local body or officer <u>placed under the authority of this section by specific statutory reference</u>."  Emphasis added.


determination that the Board committed any judicial error which misled the parties, the Court finds that Appellant has not come forward with evidence to show that unusual circumstances beyond Appellant's control existed to excuse the untimely filing of the NOTICE OF APPEAL. Hence, summary judgment should be granted in favor of the City and the Board.

*D. Conclusion*

As a matter of law, City Merit System Ordinance § 3-1-25(F) and Rule 1-074(E) require an appeal of a final order rendered by the Board to be filed within 30 days of the final order. Here, it is undisputed that the date of the final order was April 13, 2011. Consequently, Appellant untimely filed the May 23, 2011 NOTICE OF APPEAL. In addition, the Appellant has failed to provide facts to show that there is a genuine dispute as to whether "unusual circumstances beyond" Appellant's control prevented it from filing a timely NOTICE OF APPEAL and would, therefore, permit the consideration of an untimely NOTICE OF APPEAL. Hence, the City and the Board are entitled to summary judgment and this matter should be dismissed with prejudice.[5]

IT IS ORDERED that:

1. the City's MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) is granted; and

2. this case will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Deadlines for filing notices of appeal which are set by court rules are considered "mandatory preconditions to the exercise of jurisdiction." *El Dorado Utilities, Inc.*, 120 N.M. at 167 n.1, 899 P.2d at 610 n.1 (citation omitted).